UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNEST LEE ALLEN,

    Plaintiff,

v.

HOWARD, et al.,

    Defendants.

Case No. 17-cv-02568-MEJ (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Ernest Lee Allen, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983, alleging various claims for cruel and unusual punishment. Plaintiff filed his original and first amended complaint in the Eastern District before the action was transferred to this court. The amended complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

In the amended complaint, plaintiff states that he has not pursued his claims all the way through the last level of administrative review available to him. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."[1] Compliance with the exhaustion requirement is mandatory.[2] The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective."[3]

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal.[4] Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies.[5] The Ninth Circuit has interpreted Section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.[6] Here, it is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies, and no exception to exhaustion is alleged or apparent in the complaint. Plaintiff concedes that he did not present his claims for review completely through the prison's grievance procedure. Rather, he claims that it doesn't "do any good to fill out any kind of paper that is against any staff for doing anything wrong … ." Dkt. No. 10 at 2. Because plaintiff did not exhaust his claims prior to filing this action, this action will be dismissed without prejudice.

Because the lack of exhaustion is clear from the face of the complaint, the case must be dismissed without prejudice to re-filing after all administrative appeals have been exhausted.[7]

//

---

[1] 42 U.S.C. § 1997e(a).

[2] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

[3] *Porter*, 534 U.S. at 524.

[4] *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003); **Error! Main Document Only.***Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

[5] *See id.*

[6] *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

[7] *See id.*; *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

**CONCLUSION**

This case is DISMISSED without prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 22, 2017

MARIA-ELENA JAMES
United States Magistrate Judge